NATIONAL STATE BANK OF CAMDEN *v.* RICHARDSON.

*(Supreme Court, General Term, First Department.   November 23, 1888.)*

NEGOTIABLE INSTRUMENTS—ACTIONS—PRESUMPTION IN FAVOR OF HOLDER.

Upon the production in court of a negotiable note sued on, properly indorsed, the presumption arises, not only that plaintiff is the holder, but also that he became the holder before maturity, and for full value.

Appeal from judgment on report of referee.

Action on a promissory note by the National State Bank of Camden, N. J., against George H. Richardson.   Judgment was entered for plaintiff on report of the referee, and defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*William W. Goodrich,* for appellant.   *F. K. Pendleton,* for respondent.

MACOMBER, J.   The promissory note which is the subject-matter of this action was made by the defendant for the accommodation of a corporation known as the "United States Foreign & Domestic Fruit Company," of which the defendant was at the time president.   No benefit was derived by the defendant himself by means of the note, but he gave thereby to such fruit company the right to use the same as its officers should see fit.   No particular duty was laid upon the payee, Mr. Joslin, to devote the note or its proceeds to any special purpose, so long as it was used for the benefit of the corporation in which both were largely interested.   It was competent, therefore, for the payee to have the same negotiated in the usual course of business, at the bank of the plaintiff, which was accordingly done.   It is claimed in behalf of the appellant that only a portion of the proceeds of the paper was turned over to the fruit company, and that the sum of seven or eight thousand dollars thereof was used to take up commercial paper owing by Joslin to the plaintiff, upon

which neither the fruit company nor the defendant was liable, either as maker, indorser, or otherwise. If such contention were established by the evidence, it would follow that by so much the note had been diverted from the purpose for which it was given; and if knowledge of the accommodation character of the paper, and of the purpose for which it was made, were brought home to the plaintiff or its officers, before the alleged payment of Joslin's debt with its proceeds, a partial defense would clearly be established. The serious question, therefore, is whether or not a portion of the proceeds of defendant's note was used to take up the commercial paper of Joslin then lying in the plaintiff's bank. It is noticeable that no such defense is interposed in the answer, and that no request is made by the defendant's counsel of the referee to find such fact specifically, although the case shows in various forms that the defendant constantly contended that the plaintiff was not a holder for value before maturity. This question is to be determined mainly by the evidence of Mr. Martindale, who was the cashier of the bank, and of Mr. Joslin, who was the payee of the note. There is much in the testimony of Mr. Joslin, particularly that part of it which was given by him when he was recalled by the plaintiff in rebuttal, that would render the decision of the referee upon this question somewhat doubtful; but the deposition of Mr. Martindale, produced in evidence by the defendant, establishes affirmatively that the entire proceeds of the $20,000 note were placed to the credit of the United States Foreign & Domestic Fruit Company, and that such company had the benefit of the whole thereof. The case is somewhat deficient in fullness of details as to the manner in which Joslin's indebtedness to the bank was adjusted. Aside from the positive testimony of Martindale, the circumstances attending the transaction are not inconsistent with the attitude of the plaintiff, that the entire consideration of the note inured to the benefit of the fruit company. Upon the production of the note in court the presumption of law was raised, not only that the plaintiff was the holder of it, but that it was the holder thereof before maturity, and for full value. *Collins* v. *Gilbert*, 94 U. S. ·753; *Kidder* v. *Horrobin*, 72 N. Y. 169. If the contrary is asserted, the burden of proof is upon the defendant to establish the fact by evidence, which he has failed to do.

It is further contended on behalf of the appellant that the defendant was, by agreement of the directors of the fruit company, to be secured against loss by reason of the making of the note, by the transfer to him of two steamships which the company then owned, namely, the Acadia and the D. J. Foley, and that the fact of such arrangement was known to the officers of the plaintiff at the time of the making of the discount, and that subsequently the bank itself received such steam-ships as security to itself for other commercial paper than the note in question. Upon an examination of the testimony, however, it is established that there was no such agreement made by the fruit company, although the evidence tends to show that two out of its seven directors, aside from the defendant himself, asserted or promised that any person who might make the note for the benefit of the fruit company should be indemnified by a chattel mortgage or bill of sale of these two vessels. Had the fruit company in fact agreed thus to indemnify the appellant, and had he executed the note upon the condition that such indemnity should be given him, a serious question would arise in regard to the right of the plaintiff to recover the full amount of the note, because Martindale, who was the cashier of the plaintiff, was also a director of the fruit company, and was a party to the conversation with the defendant upon that subject. But it is not necessary upon this appeal to consider that question, because of the failure of the defendant to establish the fact alleged in his answer that such agreement was in truth made by the fruit company. Upon an examination of the exceptions to the rejection and reception of evidence, and to the refusal of the referee to find in accordance with requests, and the exception to his re-

port as filed, there appears to be no error which would warrant us in granting a new trial. The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARTLETT, J., concur.